# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20685

United States Court of Appeals
Fif h Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

JOHN A. VELA,

Plaintiff-Appellant

v.

LAURO CHAPA; SAFETY MANAGER STEPSON CHAPA; TOOLPUSHER JOE SAENZ,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-3256

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

John A. Vela, while incarcerated in the Harris County Jail, SPN # 01688406, moved for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. After he filed his notice of appeal, Vela moved to dismiss the appeal without prejudice. In response to an order issued by a Judge of this court, Vela notified this court, in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

writing, that he wished to proceed with his appeal because his motion to dismiss without prejudice was filed by mistake.

The district court denied Vela's motion to proceed IFP and certified pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that the appeal was not taken in good faith. Vela now moves this court for leave to proceed IFP. By moving to proceed IFP, Vela is challenging the district court's certification that the instant appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). In evaluating whether the appeal is taken in good faith, the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

With the benefit of liberal construction, Vela challenges the district court's determination that Lauro Chapa, the CEO of Scorpion Drilling, Chapa's stepson, a safety manager at Scorpion Drilling, and Joe Saenz, a tool pusher at Scorpion Drilling, are not state actors and therefore are not subject to liability under § 1983. Vela has not demonstrated that these defendants can be characterized as acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Accordingly, Vela has not shown that he will present a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220.

Vela's motions to dismiss the appeal without prejudice and to proceed IFP are DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d 202 & n.24; 5TH CIR. R. 42.2. The dismissal of Vela's complaint and the dismissal of his appeal both count as strikes for purposes of § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Vela is WARNED that if he accumulates

No. 15-20685

a third strike, he will not be allowed to proceed IFP in any civil action or appeal while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).